UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 0 5 2016
```

---

Mathieu Credo Koumoin,

                    Plaintiff,

        —v—

Ban Ki-Moon,

                    Defendant.

---

16-cv-2111 (AJN)

ORDER TO SHOW
CAUSE

ALISON J. NATHAN, District Judge:

    Plaintiff Mathieu Credo Koumoin, proceeding *pro se*, brings this employment discrimination suit against United Nations ("UN") Secretary-General Ban Ki-Moon.  Koumoin, who previously worked as the Regional Coordinator for Climate Change at the United Nations Development Program ("UNDP") - Global Environmental Facility, alleges that he was the victim of unlawful discrimination and retaliation relating to the non-renewal of his contract with the UNDP in 2006.  Compl. at 7 of 24, 19 of 24; Compl. 1-2 at 11.  Koumoin also seeks an order instructing the United States Marshals Service to effect service of process on the United Nations. Dkt. No. 3.  For the reasons that follow, Koumoin is hereby ordered to show cause in writing why his complaint should not be dismissed for lack of subject matter jurisdiction, and his request to have the Marshals Service effect service of process is denied.

    Courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*" and must dismiss any case over which they lack subject matter jurisdiction. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); Fed. R. Civ. P. 12(h)(3). "[C]urrent diplomatic envoys enjoy absolute immunity from civil and criminal process." *Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010).  Accordingly, a finding that Secretary-General Ban enjoys immunity from suit would "divest[] the Court of subject matter jurisdiction."

1

*Georges v. United Nations*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015).  Courts in this circuit have held that UN officials enjoy immunity from suit.  *See, e.g.*, *id.* at 250 (dismissing plaintiff's claims against Bank Ki-Moon on the grounds that he "currently hold[s] [a] diplomatic position[]," and is therefore immune from suit); *see also Brzak*, 597 F.3d at 113 (holding that "three former United Nations officials" were immune from suit over, *inter alia*, employment discrimination and retaliation claims).

Courts have reached this conclusion because the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1418 (entered into force with respect to the United States Apr. 29, 1970) (the "CPIUN"), affords the "Secretary–General . . . the privileges and immunities . . . accorded to diplomatic envoys, in accordance with international law." *Id.* art. v, sect. 19; *see also Brzak*, 597 F.3d at 112 (holding that the CPIUN is self-executing).  Here, the relevant source of "international law" is the Vienna Convention on Diplomatic Relations, which provides that current diplomatic agents "enjoy immunity from [the] civil and administrative jurisdiction" of the United States.  *See* Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes, art. 31, Apr. 18, 1961, 23 U.S.T. 3227 (entered into force with respect to the United States Dec. 13, 1972) (the "Vienna Convention").  And Congress has required that "[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations . . . or under any other laws extending diplomatic privileges and immunities, shall be dismissed." 22 U.S.C. § 254d.

In light of the foregoing authority, Koumoin is hereby ordered to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall submit a filing of no more than ten pages by April 22, 2016, addressing the Court's subject matter jurisdiction.[1]

---

[1] The Court notes that Koumoin claims that the UN has waived immunity in this case because a UN Tribunal allegedly rendered a decision that was favorable to him in 2009.  *See* Compl. at 10 of 24.  Even if this characterization of the 2009 decision is accurate, Koumoin has pointed to no authority that would suggest the UN

Finally, Koumoin's request for an order instructing the Marshals Service to effect service of process on the UN is denied.  Because Plaintiff is not proceeding *in forma pauperis*, he is not entitled to have the Marshals Service effectuate service.  *See* Fed. R. Civ. P. 4(c)(3).  Moreover, the Vienna Convention "precludes service of process on persons entitled to diplomatic immunity."  *Swarna v. Al-Awadi*, 622 F.3d 123, 141 (2d Cir. 2010).

This resolves Docket No. 3.


SO ORDERED.

Dated: April ⟨5⟩ , 2016
        New York, New York

ALISON J. NATHAN
United States District Judge

---

has waived immunity with respect to enforcement of such decisions.  Even if he had, Koumoin has not argued that Secretary-General Ban has specifically waived immunity.